**John W. YOUNG, Successor to Carl Cabe, Commissioner of Labor, Commonwealth of Kentucky, Custodian, Appellant,**

v.

**MILL BRANCH MINING COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Martin Glazer, Frankfort, Thomas R. Emerson, Department of Labor, Frankfort, for appellant.

Fred B. Redwine, Sanders & Redwine, William J. Baird, Edward R. Hays, Baird & Hays, Pikeville, for appellees.

WADDILL, Commissioner.

The basic question presented on this appeal is whether the reliable, probative and material evidence contained in this record justified the Pike Circuit Court in holding, under the provisions of KRS 342.285(3)(d), that the decision and award of the Workmen's Compensation Board was clearly erroneous.

Russell Bartley sustained an injury to his back on February 12, 1966, while at work for the Mill Branch Mining Company. Both parties had elected to be governed by the provisions of our Workmen's Compensation Act. Bartley filed an application with the Workmen's Compensation Board seeking compensation benefits against the mining company. The company defended the claim asserting Bartley had sustained two back injuries, one on February 12, 1966,

and a subsequent one on October 3, 1966, following his return to work and, consequently, the liability for Bartley's injury and disability should be apportioned between his employer and the Special Fund as provided in KRS 342.120. On proper motion the Special Fund was made a party defendant to the proceedings before the Board.

Bartley, a 44-year-old coal miner, testified that on February 12, 1966, while he was lifting logs to support the mine roof, he felt a sharp pain in his back that completely disabled him. He was hospitalized, put in traction and several weeks later was operated upon for the purpose of removing a herniated disc. During the fall of 1966 his physician advised him to try to return to work. Bartley stated that he did return to his job, but that the physical efforts required to perform his duties caused him so much pain he had to quit.

Bartley further stated that he did not have a second accident and injury, but that his entire back and leg trouble was solely caused by the accident he had sustained on February 12, 1966. He claimed he was unable to perform any kind of manual labor.

The appellee mining company relies solely upon the testimony of Dr. W. C. Roland to support its view that the liability for Bartley's disability must be apportioned under KRS 342.120. In pertinent part Dr. Roland testified as follows:

"Q. Doctor, * * * you suspected a ruptured disc and you did a myelogram and found evidence of a ruptured disc and performed surgery. After that you followed the Plaintiff [Bartley] as an out-patient and released him to go back to work on August 26, 1966, when he visited you here at that time. It is my understanding that he did go back to work and worked a part of one shift and became disabled because of pain in his back. You saw him here again on October 3, 1966, and at that time you felt that there was

a new injury; that is, a new herniation of a disc near or at the scene of the previous injury and that at this time he would not be able to work unless there was further study, treatment and possible surgery. * * * we would like your best judgment and interpretation of this second incident and/or injury in relation to the first so that you could pro rate the disability as between the pre-existing and the second injury. Now, would it be fair to say from your testimony that at the time the Plaintiff returned to work in August of '66 that he had a residual, disability due to residuals from his surgery of 15 per cent partial permanent?

"A. Well, I'd put it this way: that between his original injury of on or about February 10, 1966 and the time that I returned him to work on August 26, 1966, he was 100 per cent disabled on a temporary basis. At the time of his discharge I considered him 15 per cent permanently disabled on the basis of his injury and the subsequent surgery. At the time of his reprotrusion on * * August 26 he again became 100 per cent disabled on a temporary basis until such time as further treatment is carried out. Only after further investigation can the extent of his condition, his new diagnosis be determined and, of course, the degree of permanent disability will depend upon whether he is treated and, if so, the results of such treatment.

"Q. Then would it be fair to conclude that except for his original injury, he would probably not have received the additional disability from the second incident?

"A. I feel that this is the case."

The Board, pursuant to KRS 342.121, appointed Dr. William Hambley to examine

Bartley, to make a written report of his findings and to make specific findings concerning percentages of disability attributable to the alleged accidents. Nevertheless, Dr. Hambley filed an inadequate report and exceptions to it were sustained. However, the Board was of the opinion that Dr. Hambley's finding that Bartley was 100% permanently disabled was acceptable evidence in the case.

The Board entered an award entitling Bartley to compensation benefits provided for permanent total disability upon the findings that his disability resulted solely from the accident and injury he sustained on February 12, 1966. The Board concluded that Bartley had not sustained a second or subsequent injury and, therefore, there was no basis for a recovery against the Special Fund.

On appeal to the Pike Circuit Court a judgment was entered upholding the 100% disability award, but it otherwise reversed the decision of the Board and remanded the case to the Board with directions to set aside its findings that Bartley had sustained only one accident and to enter an award apportioning 15% (under KRS 342.110) against the Mill Branch Mining Company and 85% (under KRS 342.095) against the Special Fund.

It is our conclusion that the Board's decision and award were supported by reliable, probative and material evidence and, therefore, are not "clearly erroneous." As we view Dr. Roland's testimony in its most favorable light to the mining company he said no more than it was his opinion that Bartley had, after he had returned to work for the mining company, sustained a "reprotrusion at the same space or another protrusion at a different space" in his spine that would require another operation. We think the Board was justified upon a consideration of all the evidence to find that Bartley sustained one accident, i. e., the back injury on February 12, 1966, and that all of his present disability is a residual of the original injury. The judgment entered in the circuit court should have upheld the award of the Board.

The judgment is reversed, with directions to set it aside and to enter a new judgment affirming the award of the Board.

All concur except MONTGOMERY, C. J.